IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MILLARD BUSBY III, ID # 1101970,    ) | |
|     Petitioner,    ) | |
| vs.    ) | No. 3:05-CV-1550-M (BH) |
|    ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director,    ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal    ) | |
| Justice, Correctional Institutions Division,    ) | |
|     Respondent.    ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction for aggravated robbery. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On April 26, 2002, petitioner was convicted of aggravated robbery in Cause No. F01-73739-TJ. (Pet. Writ of Habeas Corpus (Pet.) at 2.) He was sentenced to thirty-five years imprisonment. (*Id.*) On May 19, 2003, the court of appeals affirmed his conviction on direct appeal. (*Id.* at 3.) On September 3, 2003, the Court of Criminal Appeals refused his petition for discretionary review. (*Id.*)

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

On December 5, 2004, petitioner filed a state application for writ of habeas corpus to challenge his aggravated robbery conviction. (*See* Answer to Question 1 of Magistrate Judge's Questionnaire.) On May 4, 2005, the Court of Criminal Appeals denied the writ. (Pet. at 4.)

Petitioner filed the instant federal petition on May 10, 2005, when he signed and placed it in the prison mail system. (*Id.* at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Petitioner claims that (1) he received ineffective assistance of counsel when his attorney bolstered the State's case by soliciting damaging testimony and repeating the same facts; (2) identity evidence was the result of an unlawful traffic stop; and (3) he was denied due process during the state habeas proceedings. (Pet. at 7.)

In view of the preceding procedural history and the nature of petitioner's claims, the Court will consider the timeliness of the instant federal petition for writ of habeas corpus. However, because petitioner asserts a claim related to an alleged constitutional violation during the state habeas process, the Court first considers that claim.

## II. ERROR IN STATE HABEAS PROCESS

Petitioner alleges error in the manner in which the state courts handled his state habeas application. He claims that the trial court designated controverted issues and ordered a finding of fact and conclusions of law, but only reviewed his original application and the State's response to recommend denial of his application.

Petitioner's allegations raise no claim cognizable under 28 U.S.C. § 2254. Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some

2

right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). The courts entertain federal petitions under § 2254 "only on the ground" that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). This Court cannot grant habeas corpus relief "to correct alleged errors in state habeas proceedings." *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that habeas relief was not available for such alleged errors). "[E]rrors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief." *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). Such errors necessarily fail "because infirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). Petitioner's challenge to the state habeas proceedings merely attacks proceedings collateral to his detention and not his detention itself. Accordingly, this claim entitles petitioner to no habeas relief.

### III. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action

3

in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

Here, petitioner appealed his convictions, the Texas Court of Criminal Appeals refused his petition for discretionary review on September 3, 2003, and petitioner filed no petition for writ of certiorari. In such cases, the state conviction becomes final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the petition for discretionary review. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13. Thus, petitioner's conviction became final on December 2, 2003.

With regard to subparagraph (D), the Court determines that the facts supporting the cognizable claims raised in the instant petition became known or could have become known through the exercise of due diligence prior to the date petitioner's conviction became final. Each of the cognizable claims are based upon facts that petitioner would have known at or before trial.

Because petitioner filed his May 10, 2005 petition more than one year after his conviction became final, a literal application of § 2244(d)(1) renders the filing untimely.

## IV. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which a state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state application for writ of habeas corpus on December 5, 2004,[2] the one-year period of limitations had already expired. Accordingly, the statutory tolling provision does not save the federal petition filed May 10, 2005. Further, nothing in the petition indicates that

---

[2] Petitioner may attempt to argue that the Court find his state petition filed as of the date he placed it in the prison's mail system. (*See* Answer to Question 1 of Magistrate Judge's Questionnaire (specifically noting that he excluded the mailbox rule from his answer). However, the Fifth Circuit Court of Appeals has "decline[d] to extend the mailbox rule to the determination of filing dates for state habeas applications." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The proper inquiry is "whether the prisoner is entitled to equitable tolling." *Id.* Accordingly, the Court will address this matter further when it discusses equitable tolling.

5

rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling).

In *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998) the Fifth Circuit Court of Appeals held, "as a matter of first impression, that the AEDPA one-year limitations period was a statute of limitations, not a bar to federal jurisdiction . . . [and thus] could be equitably tolled, albeit only in 'rare and exceptional circumstances.'" *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). Nevertheless, a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403. "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).

Although petitioner acted with diligence after the denial of his state application for writ of habeas corpus – placing his federal petition in the prison mail system within a week – such diligence simply came too late. Petitioner provides no explanation for the twelve-month delay between the date his state judgment of conviction became final on December 2, 2003, and the date he filed his state habeas petition on December 5, 2004. Such unexplained delay makes the circumstances of this case not extraordinary enough to qualify for equitable tolling. *See Coleman*, 184 F.3d at 403 (finding

6

that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)". There is no reason to distinguish between delay that occurs before the filing of a state petition and delay that occurs afterwards. In view of petitioner's lack of diligence in pursuing state habeas relief, equitable tolling is not warranted.

Because petitioner is entitled to no statutory or equitable tolling, his May 10, 2005 filing falls outside the statutory period and should be deemed untimely.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the instant request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254. Petitioner raises claims that are either not cognizable under § 2254 or untimely under the applicable statute of limitations.

**SIGNED this 4th day of December, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE